The decision below is hereby signed. Dated:
February 9, 2007.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
JACQUELINE L. SUTTON,              )    Case No. 07-00020
                                   )       (Chapter 7)
                Debtor.            )

## DECISION RE DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY

The debtor has filed a motion to extend the automatic stay (Docket Entry "DE" No. 25, filed February 6, 2007). The court will deny the debtor's motion for the following reasons.

The debtor filed a previous case under Chapter 7 of the Bankruptcy Code on November 10, 2006 (Case No. 06-00419), which case was dismissed on December 15, 2006, due to the debtor's failure to comply with the pre-petition credit counseling requirement of 11 U.S.C. § 109(h). Because the previously dismissed case was pending in this court within the 1-year period preceding the filing of the petition in this case, pursuant to § 362(c)(3)(A), the stay under § 362(a) in this case was scheduled to terminate on the 30th day after the filing of the petition.

Section 362(c)(3)(B), however, permits the court to continue the automatic stay "after notice and a hearing completed before the expiration of the 30-day period . . . ."  Here, that 30-day period expired on February 7, 2007, one day after the debtor filed her motion.

The term "after notice and a hearing" is defined in 11 U.S.C. § 102(1)(A) as meaning "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." The debtor in this case filed her motion on February 6, 2007, with no notice under LBR 9013-1 of an opportunity to oppose the motion, which is the ordinary means by which a movant satisfies the "after notice and a hearing" requirement.  Furthermore, the motion was not filed until February 6, 2007.  Consequently, the court did not learn of the motion until February 7, 2007, too late for the court to schedule an actual hearing by February 7, 2007, on notice to all creditors, so that the "after notice and a hearing" requirement could be satisfied by an actual hearing.

The statute being unambiguous, and the debtor having failed to satisfy the notice and a hearing requirement of 11 U.S.C. § 362(c)(3)(B), the court has no choice but to deny the debtor's motion.  This decision does not, however, address whether the debtor could file an adversary proceeding and obtain affirmative injunctive relief as opposed to an extension of the automatic

stay.

An order follows denying the debtor's motion.

[signed and dated above.]

Copies to:

Debtor; Debtor's Counsel; Chapter 7 Trustee;
All entities on the BNC mailing list

3